IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNY CYRUS, | : | No. 3:06-CV-01698 |
| Plaintiff, | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| LIEUTENANT WONELDORF, et al., | : | |
| Defendants. | : | |

**O R D E R**

July 25, 2007

**BACKGROUND:**

Plaintiff, formerly an inmate at the Federal Correctional Institution at Allenwood, White Deer, Pennsylvania ("FCI-Allenwood"), filed this instant pro se civil rights action on August 30, 2006. Plaintiff alleged Eighth Amendment violations against several defendants related to conditions of confinement and medical care.

This matter was initially referred to United States Magistrate Judge Thomas M. Blewitt.

On October 20, 2006, we adopted the magistrate judge's first report and recommendation and dismissed claims against all defendants except plaintiff's

1

Eighth Amendment condition of confinement claim against Lieutenant Womeldorf.[1]  In November 2006 the magistrate judge permitted the plaintiff to add Senior Officer Specialist Brett Bower in place of one of the John Doe defendants mentioned in his original pleading.  Plaintiff also alleges Bower threatened him in October 2006 for his filed lawsuits.  On July 6, 2007, the magistrate judge issued his second report and recommendation, which recommends we grant the defendants' motion for summary judgment for failure of plaintiff to exhaust his administrative remedies as required under 42 U.S.C. § 1997e(a).

Although the plaintiff did file a response to defendant's motion for summary judgment, he has not filed any objections to the magistrate judge's second report and recommendation.[2]

**DISCUSSION:**

A district court reviews de novo those portions of a magistrate judge's report and recommendation to which a party objects.  L.R. 72.3.  The court may "accept,

---

[1] As defendants note, plaintiff has misspelled Lieutenant Womeldorf's last name.

[2] Plaintiff filed the same exact opposition brief in three other cases he has pending before this court, namely Case Nos. 06-1665, 06-2265, and 06-2051.  We find plaintiff has failed to exhaust his administrative remedies in each case and either have or will issue orders in each case accordingly.

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

     We will adopt the magistrate judge's report and recommendation in full. As the magistrate judge noted, the plaintiff's complaint is subject to the administrative exhaustion requirements of 42 U.S.C. § 1997e(a). The Bureau of Prisons ("BOP") requires an inmate to file his administrative request within twenty days following the date on which the basis for the remedy occurred. The defendants have provided evidence that establishes that the plaintiff has filed four potentially relevant administrative grievances since July 13, 2005 - the date on which plaintiff allegedly suffered an Eighth Amendment violation at the hands of the defendants. All four grievances were not filed correctly, and the plaintiff was subsequently given an opportunity to re-file but failed to do so. Further, all four grievances would most likely be deemed untimely as the earliest was filed October 2, 2006, which is well after the deadline for filing an administrative complaint related to the alleged July 13, 2005 incident. Although the defendants are not exactly sure which, if any, of these four grievances pertained to this lawsuit, it is clear that plaintiff has not adequately exhausted his administrative remedies as required. For the purpose of judicial economy, we will not rehash the rest of the magistrate judge's sound reasoning in reaching his recommendation.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The court adopts in full United States Magistrate Judge Thomas M. Blewitt's report and recommendation. (Doc. Rec. No. 32.)

2. Defendant Lieutenant Womeldorf and Senior Officer Specialist Brett Bower's summary judgment motion is granted.

3. Final judgment is entered in favor of defendants Womeldorf and Bower and against the plaintiff, for failure to exhaust administrative remedies.

4. The clerk is directed to close the case file.

5. Any appeal from this order is not taken in good faith.

                                                   s/ James F. McClure, Jr.
                                                   James F. McClure, Jr.
                                                   United States District Judge